UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMON WARREN,<br><br>        Petitioner,<br><br>   v.<br><br>R. N. RUNNELS,<br><br>        Respondent. | 1:04-CV-6569 AWI LJO HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Alameda, following his conviction by jury trial on March 22, 1999, of second degree robbery. See Exhibit A, Respondent's Answer (hereinafter "Answer"). On May 21, 1999, Petitioner was sentenced to serve a determinate term of nineteen years in state prison. Id.

With this petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a prison disciplinary hearing held on December 24, 2001, in which Petitioner

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's answer to the petition, and Petitioner's traverse to Respondent's answer.

was found guilty of indecent exposure. See Exhibit 3, Answer. Petitioner was assessed a ninety (90) day loss of credits and thirty (30) day loss of privileges. Id. Petitioner was advised he could appeal the decision.

Petitioner then appealed the decision to the second level. At this second level of review, Petitioner's appeal was partially granted. See Exhibit D, Answer. The RVR was ordered to be re-issued and re-heard. Id. On June 5, 2002, the matter was reduced to an informational chrono in the interests of justice. See Exhibit E, Answer.

On May 9, 2003, Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court. See Exhibit F, Answer. The superior court denied the petition on September 23, 2003, finding the action taken by prison authorities in reducing the serious RVR to an informational chrono was appropriate. Id. Petitioner then filed petitions for writ of habeas corpus in the California Court of Appeals and the California Supreme Court. The petitions were summarily denied. See Exhibits G and H, Answer.

On November 17, 2004, Petitioner filed the instant petition for writ of habeas corpus. Petitioner claims he was not afforded due process during the disciplinary hearing. On May 26, 2005, Respondent filed an answer to the petition. Respondent contends Petitioner fails to state a claim. Petitioner filed a traverse to Respondent's answer on June 27, 2005.

## DISCUSSION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Corcoran State Prison, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

In this case, Petitioner claims constitutional violations occurred in the disciplinary hearing

process. However, the record is clear that the serious Rules Violation Report was dismissed in the interest of justice. An informational chrono was placed in Petitioner's file, and Petitioner claims the placement of this chrono in his file violates his due process rights. However, as Respondent points out, Petitioner alleges no specific harm resulting from the alleged violations. See James v. Borg, 24 F.3d 20, 29 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); Campbell v. Wood 18 F.3d 662, 679 (9th Cir.1994), *citing* Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir.1970) ("An evidentiary hearing is not required on allegations that are "conclusory and wholly devoid of specifics.'"); Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995) . The dismissal of the RVR invalidated the punishment; thus, Petitioner has not suffered a loss of good time credits. The placement of an informational chrono has no effect on the length of his incarceration. Accordingly, Respondent is correct in arguing that Petitioner's challenges do not rise to the level of a constitutional violation.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within ten (10) court days (plus three days for mailing) after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within ten (10) court days (plus three days for mailing) after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 1, 2007**              /s/ Lawrence J. O'Neill
b9ed48                                       UNITED STATES MAGISTRATE JUDGE